**John J. BLOOM, Plaintiff,**

v.

**WEEKS MARINE, INC., Defendant.**

**No. 3:02–CV–176–J–16HTS.**

United States District Court,
M.D. Florida,
Jacksonville Division.

Sept. 24, 2002.

Stephen J. Pajcic, Curry Gary Pajcic, Pajcic & Pajcic, P.A., G.J. Rod Sullivan, Jr., Sullivan, Boyd & Goldsberry, Jacksonville, FL, for Plaintiff.

Donovan Adam Roper, Law Office of Donovan A. Roper, Altamonte Springs, FL, for Defendant.

### ORDER

SNYDER, United States Magistrate Judge.

This cause is before the Court on the following matters:

1. Defendant, Weeks Marine, Inc.'s Motion to Compel Plaintiff's Appearance for Maintenance and Cure Medical Examination (Doc. # 24; Motion). Defendant requests "an order compelling the appearance of Plaintiff, JOHN J. BLOOM, for a

maintenance and cure medical examination by physiatrist John Muenz, M.D. in Jacksonville, Florida." *Id.* at 1. It contends it "has an undisputed legal right, and in fact legal obligation, to conduct a maintenance and cure medical examination." *Id.*

In response, Plaintiff argues such a request is improper as there is no authority requiring such an exam outside the parameters of Rule 35, Federal Rules of Civil Procedure (Rule(s)). *See* Response to Defendant's Motion to Compel Physical Examination (Doc. # 27; Response) ¶ 2. Further, Mr. Bloom claims Defendant's "new and novel argument for a 'cure' exam, for which there is no precedent .... is an apparent attempt to [give] their expert two cracks at examining Mr. Bloom in advance of the trial herein."[1]  *Id.* ¶ 10.

Rule 35(a) dictates when a physical and mental examination may be ordered and states:

> When the mental or physical condition ... of a party ... is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Defendant has not requested an examination under Rule 35(a). Instead, it is requesting a "maintenance and cure medical examination ... to insure that the injured crew member/Plaintiff has received, and is

---

**1.** Defendant labeled Dr. Muenz as its expert medical witness. *See* Response (Doc. # 27) Exhibit A at 2.

receiving necessary, appropriate and proper medical care and/or treatment." Motion ¶ 1. However, it is noted Defendant ceased paying for Plaintiff's medical treatment on July 3, 2002. *See* Plaintiff's Emergency Motion for Maintenance and Cure (Doc. # 26) ¶ 7.

In support of its argument that it has a legal right to such an examination, Defendant cites to several cases. *See id.* The most recent, and one that discusses medical care given to a seaman, states the shipowner is entitled "to monitor the seaman's medical condition to determine when cure has occurred .... Similarly, the shipowner is entitled, within reasonable medical bounds, to direct the seaman's care, even if it is inconvenient or painful." *U.S. v. Martin,* No. CIV.A.00–303, 2001 WL 122224, at *2 (E.D.Pa. Feb. 8, 2001). The court, in *Martin,* recognized defendant could conceivably pay maintenance and cure indefinitely absent an ability to determine when cure had occurred. *See id.* However, the court did not address whether the appropriate mechanism for monitoring the treatment was a medical examination under Rule 35 or a "maintenance and cure examination."

Defendant also relies on *Proshee v. Tidewater Marine, Inc.,* 927 F.Supp. 959 (E.D.La.1996), arguing "the shipowner is entitled to investigate and require corroboration of the claim" before supplying any maintenance and cure. Memorandum of Law in Support of Defendant's Motion to Compel Plaintiff's Attendance at Maintenance and Cure Medical Examination (Doc. # 25; Memorandum) at 3. Although Defendant's contention is correct, the court in *Proshee* gives no indication the right to a maintenance and cure examination exists separate from and potentially in addition to an exam under Rule 35(a). In fact, the court in *Proshee* did not address the basis or authority upon which the ex-

amination should have been performed. Rather, the court discussed the sanctionable behavior of plaintiff's attorney in thwarting defendant's efforts to verify the need for surgery. *See id.* at 961.

The Court is cognizant that Defendant is entitled to monitor the medical care received by Plaintiff. However, Defendant has not demonstrated whether the extent of that includes the right to have its expert witness physician examine Plaintiff pursuant to a "maintenance and cure exam" and outside the bounds of Rule 35(a). It is well-settled, however, that a physical or mental examination of persons that have suffered from maritime related injuries may be requested pursuant to Rule 35(a). *See* 2 Martin J. Norris, *The Law of Seamen* § 32:37 (4th ed.1985). As Defendant is not precluded from requesting an evaluation in accordance with the requirements of Rule 35(a), it may still achieve its goal of having an examination performed. Thus, upon due consideration, and given the specific circumstances of this case, the Motion (Doc. # 24) is **DENIED** without prejudice.

2. Defendant's Supplemental Memorandum of Law in Support of Defendant's Motion to Compel Plaintiff's Attendance at Maintenance and Cure Medical Examination (Doc. # 34; Supplemental Memorandum). Defendant's Memorandum (Doc. # 25) in support of its Motion (Doc. # 24) was filed on July 9, 2002. Rule 3.01(b), Local Rules, United States District Court, Middle District of Florida, precludes the filing of such additional memoranda unless requested by the Court. Thus, the Supplemental Memorandum (Doc. # 34) is **STRICKEN**.